UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEMORANDUM AND ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 1 7 2011 ★

BROOKLYN OFFICE

SARAH CLUNIS,

      Plaintiff,

   – against –

NEW YORK CITY TRANSIT AUTHORITY,

      Defendant.

10-CV-6063

**JACK B. WEINSTEIN, Senior United States District Judge:**

Defendant New York City Transit Authority ("NYCTA") moves for summary judgment dismissing the state-law negligence claim of plaintiff Sarah Clunis. The motion is denied.

On July 18, 2010, plaintiff was traveling by subway to Manhattan from her home in Brooklyn. She was accompanied by her two children and their babysitter; their destination was the Museum of Natural History. Plaintiff, holding the younger of her two children in her left arm, walked up a stairway in Atlantic Terminal and was jostled by other patrons walking past her; despite holding onto the handrail, she tripped and fell over the small marble embankment—known in architectural parlance as a "coping"—that was located on the wall adjacent to the stairway. *See* Pictures and Diagrams Attached as Exhibits 1 and 2 (Def.'s Exs. N & O). She fell, put out her right hand to break her fall, and suffered a broken bone in one of her fingers. The injury required surgery.

After filing a timely notice of claim with NYCTA, plaintiff commenced this action by filing a single-count complaint in January 2010. The complaint asserts essentially that NYCTA was negligent by allowing a marble protrusion to extend into the stairway. According to

1



plaintiff, this protrusion constituted a dangerous and hazardous condition; plaintiff contends additionally that defendants failed to exercise due care in the ownership, operation, and maintenance of the stairs. She seeks to recover monetary damages.

New York law governs the adjudication of plaintiff's claim in this diversity action. *See, e.g.*, *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010). "In order to establish a *prima facie* case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995) (citing *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985)).

New York property owners have a general duty to maintain their property "in a reasonably safe condition in view of all the circumstances." *Basso v. Miller*, 40 N.Y.2d 233, 241 (1976). A New York landowner similarly has a duty to warn users of the property "of a dangerous condition that is not readily observable with the reasonable use of one's senses." *DiVietro v. Gould Palisades Corp.*, 771 N.Y.S.2d 527, 529 (N.Y. App. Div. 2004). A landowner has no duty to protect or warn against open and obvious conditions that are not inherently dangerous. *See Weiss v. Half Hollow Hills Cent. Sch. Dist.*, 893 N.Y.S.2d 877, 878 (N.Y. App. Div. 2010); *see, e.g.*, *Pinero v. Rite Aid of N.Y., Inc.*, 743 N.Y.S.2d 21, 22-23 (N.Y. App. Div. 2002).

Whether "a condition is open and obvious is generally a jury question, and a court should only determine that a risk was open and obvious as a matter of law when the facts compel such a conclusion." *Westbrook v. WR Activites-Cabrera Mkts.*, 773 N.Y.S.2d 38, 41 (N.Y. App. Div. 2004) (citation omitted). "For a condition to be open and obvious as a matter of law, it must be

2

one that could not be overlooked by any observer using his or her ordinary senses." *Garrido v.*
*City of New York*, 779 N.Y.S.2d 208, 209 (N.Y. App. Div. 2004) (citation omitted).  For a
defendant opposing a negligence claim that alleges the existence a dangerous condition to be
entitled to summary judgment, it is required to show, *prima facie*, that it maintained its premises
in a reasonably safe condition and that the condition, if not inherently dangerous, was open and
obvious. *See, e.g.*, *Robinson v. 206-16 Hollis Ave. Food Corp.*, 918 N.Y.S.2d 161, 162 (N.Y.
App. Div. 2011).

And whether or not a defendant was negligent, an "act of the plaintiff or of a third party"
may be "an intervening cause that completely obviates a finding that a defendant's negligence
proximately caused the plaintiff's injury." *Gross v. N.Y.C. Trans. Auth.*, 681 N.Y.S.2d 513, 516
(N.Y. App. Div. 1998).  A defendant must show that the intervening act was "of such an
extraordinary nature or so attenuates defendant's negligence from the ultimate injury that
responsibility for the injury may not reasonably be attributed to the defendant." *Id.* at 515-16
(internal quotation marks omitted).  If an intervening act that is unforeseeable in the ordinary
course of events, or is independent of or far-removed from defendant's conduct, it may be a
"superseding act which breaks the causal nexus." *Id.* at 516 (internal quotation marks omitted).
In such a case, the defendant's actions cannot be said to be the proximate cause of the plaintiff's
injuries.

Based on a view of the site of the alleged accident on November 15, 2011—and
construing all the evidence in the light most favorable to the plaintiff—it cannot be concluded as
a matter of law that the allegedly dangerous condition was open and obvious, or that the coping
is so obvious that a reasonably careful user of the stairs could not overlook it.  A jury could find
that the coping is inherently dangerous and that the defendant maintained the premises in an

3

unsafe condition.   The actions of third parties who jostled the plaintiff as she ascended the stairs did not necessarily break any causal nexus between the alleged negligence of the defendant and plaintiff's injuries.

Each of the above issues essentially presents a question of fact.  They should be resolved by a jury.  A viewing of the site of plaintiff's fall by the jury is both practicable and necessary.  It will be conducted during the jury trial.

Defendant's motion for summary judgment is denied.  The case is set down for trial on February 13, 2012.  If the parties consent, the jurors will be chosen by the magistrate judge.

All *in limine* motions shall be submitted by January 30, 2012.  By that date, the parties shall provide each other with lists of witnesses and summaries of their proposed testimony, marked exhibits with lists, and proposed jury charges.  All *in limine* motions will be heard on February 6, 2012.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   November 15, 2011
        Brooklyn, New York

4







PLAINTIFF'S
EXHIBIT NO. 4
FOR IDENTIFICATION
DATE: 5-4-11    RPTR: LL
PENGAD 800-631-6989

COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 10-CV-6063
DATE: 11/15/11
PENGAD 800-631-6989





PLAINTIFF'S
EXHIBIT NO. 6
FOR IDENTIFICATION
DATE: 5-4-11   RPTR: 4



PLAINTIFF'S
EXHIBIT NO.
FOR IDENTIFICATION
DATE: 5-4-11
RPTR: LC